*Wu v. Sessions*

BIA
Zagzoug, IJ
A200 179 364

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 7th day of November, two thousand eighteen.

PRESENT:
> ROBERT A. KATZMANN,
> > *Chief Judge,*
> RICHARD C. WESLEY,
> DENNY CHIN,
> > *Circuit Judges.*

_____

XINYI WU,
> *Petitioner,*

v.                                                          17-2116
                                                            NAC

JEFFERSON B. SESSIONS III,
UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

**FOR PETITIONER:**          Mike P. Gao, Flushing, NY.

**FOR RESPONDENT:**          Jody Hunt, Assistant Attorney
                             General; Stephen J. Flynn,
                             Assistant Director; James A.
                             Hurley, Arthur L. Rabin, Trial

Attorneys, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Xinyi Wu, a native and citizen of the People's Republic of China, seeks review of a June 13, 2017, decision of the BIA affirming an October 18, 2016, decision of an Immigration Judge ("IJ") denying Wu's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Xinyi Wu,* No. A 200 179 364 (B.I.A. June 13, 2017), *aff'g* No. A 200 179 364 (Immig. Ct. N.Y. City Oct. 18, 2016). We assume the parties' familiarity with the underlying facts and procedural history in this case.

In lieu of filing a brief, the Government moves for summary denial of Wu's petition for review. Summary denial is warranted only if a petition is frivolous. *Pillay v. INS*, 45 F.3d 14, 17 (2d Cir. 1995). Because the petition is not frivolous and because Wu has filed his merits brief, we deny

2

the Government's petition and treat the Government's motion as a response to Wu's brief.

We have reviewed the IJ's decision as modified by the BIA and address only the adverse credibility determination. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). "We defer . . . to an IJ's credibility determination unless . . . it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008). Substantial evidence supports the agency's determination that Wu was not credible.

First, the IJ reasonably relied on an inconsistency in Wu's description of the letter he provided to the Chinese authorities. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). Wu testified that he filed an original, signed complaint letter with the Chinese authorities but could not clarify how he also filed that same original letter with the immigration court. This inconsistency, which called into question whether Wu had ever complained to the authorities and undermined the reliability of his evidence, provided substantial support for the IJ's adverse credibility ruling.

3

*See Xian Tuan Ye v. Dep't of Homeland Sec.*, 446 F.3d 289, 295 (2d Cir. 2006) (per curium) (holding that material inconsistency relating to central aspect of asylum claim provided substantial evidence for adverse credibility determination). Wu's explanation that he did not remember whether he sent an original to Chinese authorities did not resolve the problem. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (internal quotation marks omitted)).

Second, the IJ reasonably relied on an inconsistency between Wu's testimony and a letter from two alleged coworkers. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *see also Xiu Xia Lin*, 534 F.3d at 167 (upholding IJ's reliance on omissions and inconsistencies in letters in reaching adverse credibility determination). Wu testified that the two colleagues who accompanied him to the 2010 protest were also arrested but still worked for the company from which he was fired. But the coworkers' letter states that they were all

fired. This inconsistency, particularly when combined with Wu's erroneous testimony about the gender of one of the letter's authors, casts doubt on his claim and is indicative of fabricated evidence. The IJ was not required to credit Wu's uncorroborated explanation that his coworkers simply continued working despite their termination, particularly given the statement in the letter that they were dismissed "ruthlessly" from their jobs. *See also Wensheng Yan v. Mukasey*, 509 F.3d 63, 67 (2d Cir. 2007) (holding that, so long as IJ's finding is "tethered to record evidence, and there is nothing else in the record from which a firm conviction of error could properly be derived," we will not disturb that finding).

Finally, the agency's demeanor finding, to which we defer, bolsters the IJ's adverse credibility determination. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Li Hua Lin v. U.S. Dep't of Justice*, 453 F.3d 99, 109 (2d Cir. 2006). Because the IJ is in the best position to evaluate testimony, we defer to the IJ's reliance on the contrast between Wu's "confident and fluid" testimony during direct examination and his "hesitant, contradictory and unpersuasive" answers to questions during

5

cross-examination. *See Li Hua Lin*, 453 F.3d at 109 ("We can be still more confident in our review of observations about an applicant's demeanor where, as here, they are supported by specific examples of inconsistent testimony.").

Given the multiple inconsistencies between Wu's testimony and record evidence, as well as the IJ's demeanor finding, the totality of the circumstances supports the agency's adverse credibility determination. The adverse credibility determination is dispositive of asylum, withholding of removal, and CAT relief because all three claims rely on Wu's credibility. *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the Government's motion for summary denial and Wu's motion for a stay of removal are DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court